# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2731
_____

Angela Dawn Cantrell

*Plaintiff - Appellant*

v.

Coloplast Corp.; Coloplast Manufacturing US, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 9, 2023
Filed: August 10, 2023

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

    Coloplast Corporation and Coloplast Manufacturing US, LLC (collectively, Coloplast) manufacture and market Restorelle L, a surgical mesh device. Angela Cantrell sued Coloplast for injuries allegedly caused by implantation of Restorelle L mesh. After excluding portions of Cantrell's expert opinions and testimony, the

district court[1] granted summary judgment in favor of Coloplast. On appeal, Cantrell argues that the district court erred in excluding her expert's opinion on specific causation and in granting summary judgment on her negligent design claim. We affirm.

The scheduling order required that Cantrell disclose her expert witnesses by May 20, 2021, and that the parties complete discovery by August 31, 2021. The order instructed the parties to submit a signed report from each expert witness at the time of disclosure stating "all opinions to be expressed and the basis and reasons therefor," as required by Federal Rule of Civil Procedure 26(a)(2)(B).

Cantrell timely disclosed the expert opinion of William Gold, M.D., whose three-sentence specific causation analysis opined that the Restorelle L design was the cause of Cantrell's symptoms and injuries. Coloplast moved to exclude Dr. Gold's opinions and testimony, arguing that they lacked a sufficiently explained account of how his conclusions were based on a scientifically accepted methodology, such as a differential diagnosis. Cantrell's response in opposition to this motion was filed on December 20, 2021, attached to which was a supplemental declaration by Dr. Gold that included a lengthy specific causation analysis, including a differential diagnosis.

The district court concluded that Dr. Gold's supplemental declaration was untimely and therefore refused to consider it. The court found his original report lacking because it did not set forth the reasons for his opinions as required by Rule 26(a)(2)(B)(i). Because the failure to provide this reasoning was neither substantially justified nor harmless, the court granted Coloplast's motion to exclude Dr. Gold's specific-causation testimony. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

---

[1] The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). The absence of admissible specific-causation testimony precluded Cantrell from proving her negligent design claim and resulted in the court's grant of Coloplast's motion for summary judgment.[2]

We conclude that Dr. Gold's supplemental declaration was untimely because it was submitted after the deadlines for disclosure of expert reports and completion of all discovery. See Williams v. TESCO Servs., Inc., 719 F.3d 968, 976 (8th Cir. 2013). Cantrell argues that these deadlines did not apply because the court's scheduling order required the parties to "fully supplement all discovery responses according to Rule 26(e)." Rule 26(e)(2) requires that an expert's supplement "be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(a)(3)(B), in turn, states that, "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Cantrell maintains that she therefore had until thirty days before trial to disclose Dr. Gold's supplemental declaration. She ignores the caveat that Rule 26's default timing provision applies only if the court does not order otherwise. Here, the court set deadlines in its scheduling order, those deadlines superseded the default rules, and Cantrell failed to meet those deadlines.

The district court did not abuse its discretion in refusing to consider Dr. Gold's untimely supplemental declaration. Wagner v. Hesston Corp., 450 F.3d 756, 758 (8th Cir. 2006) (standard of review). Cantrell concedes that Dr. Gold's declaration was not based on previously unknown or unavailable information. Although she asserts that the declaration merely clarified the methodology that Dr. Gold had used in his original report, the original report contains no mention of that methodology. The

---

[2]The parties agree that California law applies to Cantrell's negligent design claim and that California law requires expert testimony on specific causation.

-3-

untimeliness of the supplemental declaration was not harmless, as allowing it would have required reopening discovery to allow Coloplast to depose Dr. Gold and possibly to supplement its own experts' reports. See Williams, 719 F.3d at 976. We thus conclude that the district court acted well within its "broad discretion in maintaining compliance with discovery and pretrial orders." See id.

The district court also did not abuse its discretion when it decided to exclude Dr. Gold's report and declaration without considering lesser sanctions. "Under Rule 37(c)(1), exclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction *on a party's motion*." Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 705 (8th Cir. 2018) (emphasis added). Cantrell did not move for a lesser sanction. She nevertheless argues that the district court was required to consider lesser sanctions, particularly because exclusion here led to the grant of Coloplast's motion for summary judgment. She relies on Heartland Bank v. Heartland Home Finance, Inc., 335 F.3d 810 (8th Cir. 2003), in which the district court excluded certain evidence, followed by our remand for further consideration of sanctions. There, however, the court considered sanctions under both its inherent power and Rule 37, id. at 815, so its choice of sanction was not limited by Rule 37's requirements. Moreover, although the district court specifically determined that sanction in the form of judgment was inappropriate, id. at 814, we concluded that exclusion of the evidence "was tantamount to a dismissal of [the] claims." Id. at 817. Heartland does not negate the structure of Rule 37(c)(1) sanctions, which requires exclusion unless a party moves for an alternative.

In the absence of admissible evidence establishing causation, Cantrell could not establish an element essential to her case. See Brady v. Calsol, Inc., 194 Cal. Rptr. 3d 243, 246 (Cal. Ct. App. 2015) (causation as element of claim). The judgment is affirmed.

_____